# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| CASEY ROSS, individually and for others similarly situated, <br><br> v. <br><br> OILFIELD INSTRUMENTATION, USA, INC. | CASE NO. 5:17-cv-312 |

## COMPLAINT

### SUMMARY

1.      Oilfield Instrumentation USA, Inc. (Oilfield Instrumentation) does not pay its service technicians overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA).

2.      Instead, Oilfield Instrumentation pays them a flat amount each week, which it calls a "salary," with no overtime pay for hours worked in excess of 40 in a workweek.

3.      Because these workers work far more than 40 hours a week, Casey Ross and the other service technicians like him are entitled to recover unpaid overtime as well as other damages.

### JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      Venue is proper because many of the relevant facts occurred here.

6.      Ross performed a substantial amount of his unpaid work for Oilfield Instrumentation in this District and Division.

7.      Ross is a resident of Wilson County, Texas, which is in this District and Division.

**PARTIES**

8.      Ross worked for Oilfield Instrumentation as a service technician from approximately July 2014 to July 2015.

9.      Ross performed the typical job duties of a service technician as described herein.

10.     Ross's consent is attached.

11.     Oilfield Instrumentation is an oil field service company with offices in multiple states including Arkansas, California, Louisiana, and Texas.[1]

12.     Oilfield Instrumentation's employees routinely use, handle, sell, and/or work on vehicles, computers, telephones, and hand tools, all of which were produced for interstate commerce or actually traveled in interstate commerce.

13.     Oilfield Instrumentation is covered by the FLSA and has been for each of the last 3 years.

14.     Oilfield Instrumentation was and is obligated to pay its non-exempt employees overtime under the FLSA.

15.     As defined herein, the "FLSA Class" consists of all service technicians employed by Oilfield Instrumentation within the last 3 years.

**FACTS**

16.     Oilfield Instrumentation was formed in 1988 in Broussard, Louisiana.

17.     Oilfield Instrumentation "provide[s] … drilling instrumentation equipment" and related "service to the oil and gas industry."

18.     To set up and service its drilling instrumentation equipment, Oilfield Instrumentation employs service technicians.

---

[1]      http://www.oiusa.com/locations/

19.     Service technicians set up and service the real-time drilling monitoring systems that Oilfield Instrumentation markets.

20.     Service technicians use multi-meters and hand tools to perform their jobs.

21.     While some service technicians are sometimes referred to as "lead" service technicians, all service technicians have the same, blue collar primary job functions of setting up and servicing equipment used to monitor drilling conditions.

22.     Services technicians work an "on-call schedule requiring travel to onshore and offshore locations."

23.     Service technicians are generally assigned a work rotation of 15 days on, 15 days off.

24.     A typical work day was scheduled for 8 hours (e.g., 7 am to 3 pm), but actual work days were almost invariably longer.

25.     For example, Ross's regularly worked 14+ hours a day, for as many as 7 days in a week.

26.     Oilfield Instrumentation knew Ross often worked more than 80, even 90, hours in a week.

27.     Ross once communicated the hours that he was working to his manager, but his manager did not indicate that he cared about the long hours Ross was working.

28.     That is likely because Kendrick did not receive overtime pay.

29.     Oilfield Instrumentation paid Kendrick a "salary" of approximately $4,000 per month.

30.     Oilfield Instrumentation did not pay Kendrick any overtime for the hours he worked in excess of 40 in a workweek.

31.     No advanced degree is required to become a service technician.

32.     In fact, Oilfield Instrumentation regularly hires service technicians who have only a high-school diploma (or less).

-3-

33.     Being a service technician is not work requiring specialized academic training as a standard prerequisite.

34.     To the extent service technicians make "decisions," the decisions do not require the exercise of independent discretion and judgment.

35.     Instead, service technicians apply well-established techniques and procedures.

36.     Service technicians are blue collar workers.

37.     They rely on their hands, physical skills, and energy, to perform manual labor in the oilfield.

38.     Oilfield Instrumentation informs service technicians that they will regularly more than 40 hours a week.

39.     While in the field, service technicians regularly work 12 hours in a day, and more than 80 hours in a week.

40.     But Oilfield Instrumentation does not pay its service technicians overtime for hours worked in excess of 40 in a workweek.

41.     Instead, Oilfield Instrumentation pays service technicians a salary.

42.     The alleged "salary" paid to service technicians does not meet the requirements of 29 C.F.R. § 541.600.

43.     As a result of Oilfield Instrumentation's pay policies, Ross and the FLSA Class were denied the overtime pay required by federal law.

44.     Oilfield Instrumentation keeps accurate records of the hours its service technicians work.

45.     Oilfield Instrumentation failed to keep accurate records of the hours its service technicians work.

46.     Oilfield Instrumentation keeps accurate records of the amount of pay service technicians receive.

47.     Oilfield Instrumentation was well aware of the FLSA's overtime requirements.

48.     Oilfield Instrumentation knew its service technicians were non-exempt or, at the very least, showed reckless disregard for whether its service technicians were entitled to overtime pay.

49.     Despite knowing the FLSA's requirements and that its service technicians regularly worked more than 40 hours in a workweek, Oilfield Instrumentation did not, and does not, pay them overtime.

50.     Oilfield Instrumentation failed to make a reasonable inquiry into its obligations under the FLSA despite being on notice of its obligations under the FLSA.

51.     Oilfield Instrumentation's violation of the FLSA was willful.

COLLECTIVE ACTION ALLEGATIONS

52.     In addition to Ross, Oilfield Instrumentation employed dozens of other service technicians who: (1) worked over forty hours per week with no overtime pay; (2) were paid the same type of "salary" system as Ross (even if the amount differed); and (3) were classified – improperly – as exempt employees.

53.     The FLSA Class members performed the job duties described above and they were subjected to the same unlawful policy that resulted in them not receiving overtime pay.

54.     The FLSA Class is similarly situated to Ross.

55.     The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the FLSA Class is properly defined as:

**All service technicians employed by Oilfield Instrumentation in the last 3 years.**

## CAUSE OF ACTION

56.     By failing to pay Ross and the FLSA Class overtime at 1 and ½ times their regular rates, Oilfield Instrumentation violated the FLSA.

57.     Oilfield Instrumentation owes Ross and the FLSA Class overtime wages equal to the difference between the amount they were paid and the overtime rate they should have been paid for hours worked in excess of 40 in a week.

58.     Because Oilfield Instrumentation knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA, its failure to pay overtime to Ross and the FLSA Class is willful.

59.     Oilfield Instrumentation owes Ross and the FLSA Class an amount equal to all unpaid overtime wages as well as liquidated damages.

60.     Ross and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## PRAYER

Ross prays for relief as follows:

1.     An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

2.     Judgment awarding Ross and the FLSA Class all unpaid overtime compensation, liquidated damages, attorneys' fees, and costs, under the FLSA;

3.     An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4.     All such other and further relief that Ross and the FLSA Class are justly entitled.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

      **/s/ Rex Burch**

By: _____

      Richard J. (Rex) Burch
      Texas Bar No. 24001807
      David I. Moulton
      Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
(713) 877-8788 – Telephone
(713) 877-8065 – Facsimile
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**AND**

Michael A. Josephson
Texas Bar No. 24014780
Andrew W. Dunlap
Texas Bar No. 24078444
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Phone: 713-352-1100
Fax: 713-352-3300

**ATTORNEYS IN CHARGE FOR PLAINTIFF**