UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CASEY ROSS, individually and for others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>OILFIELD INSTRUMENTATION, USA, INC.<br>　　　　　Defendants. | § CASE NO. 5:17-cv-312<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**JOINT MOTION TO APPROVE CONFIDENTIAL SETTLEMENT
& TO DISMISS WITH PREJUDICE**

Plaintiff, Casey Ross, individually and on behalf of all opt-in Plaintiffs ("Plaintiffs"), and Defendant, Aldonsa, Inc. d/b/a Oilfield Instrumentation ("OI" and collectively with Plaintiffs, "the Parties"), respectfully show as follows:

**I.　　INTRODUCTION AND BACKGROUND**

On April 11, 2017, Casey Ross, filed this action ("the Lawsuit") on behalf of himself and others similarly situated alleging that Plaintiffs were not paid overtime to which they were entitled in violation of the Fair Labor Standards Act ("FLSA") during their employment with OI, an oil and gas service company.[1]  OI denied Plaintiffs' allegations and asserted several affirmative defenses.[2]

On May 30, 2018, this Court conditionally certified this case as a collective action.[3] Notice of the Lawsuit was mailed to approximately twenty-six (26) individuals, and ten (10) Plaintiffs filed a written consent to join this case. On February 26, 2019, the Parties attended a mediation with Louis P. Selig and reached a settlement of their dispute. The terms of the settlement are confidential and memorialized in the attached written settlement document, signed by the Parties on March 29, 2019.

---

[1]　　Rec. Doc. No. 1.
[2]　　Rec. Doc. No. 23.
[3]　　Rec. Doc. No. 41.

The terms of the settlement have been approved by Plaintiffs, Plaintiffs' counsel, Defendant, and Defendant's counsel.

Through course of this collective action, the Parties conducted discovery, investigated the supporting facts, and thoroughly studied the legal principles applicable to the claims and defenses asserted in this collective action. Based upon Plaintiffs' Counsel's investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including Plaintiffs' Counsel's assessment of the uncertainties of litigation, and the relative benefits conferred upon the Plaintiffs pursuant to the settlement reached by the Parties, Plaintiffs' Counsel has concluded that the settlement is fair, reasonable, adequate, and in the best interests of the Plaintiffs.

Without any admission of liability, OI desires to compromise and settle this collective action and all claims by Plaintiffs for unpaid overtime wages, underpaid wages, unpaid wages, liquidated or other damages, penalties, restitution, attorneys' fees, costs, and interest, including but not limited to claims under the FLSA or any other federal, state, or local law pertaining to the payment of wages or their employment, that were or could have been asserted by the Plaintiffs in the Lawsuit.

As shown through this Motion, the proposed FLSA settlement is the result of arm's-length negotiations, conducted by experienced counsel for all Parties, after formally and informally exchanging information, and attending mediation. The terms of the settlement are reasonable and appropriate and fair to all parties involved. Accordingly, the Parties ask the Court to approve the settlement and enter an order dismissing this lawsuit.

II. **SETTLEMENT TERMS**

As set forth in detail in the attached Confidential Settlement Agreement and Release of All Wage Claims (**Exhibit 1**, filed under seal), the Parties reached a settlement of the claims of former OI employees who filed written notices of consent to become party plaintiffs in the Lawsuit. *See* 29 U.S.C.

Sec. 216(b).[4] The settlement amount was divided among Plaintiffs' Counsel and the plaintiffs, as set forth in paragraph 11 of the Settlement Agreement and in Exhibit B thereto.

I. **ARGUMENT**

The Parties now seek Court approval of the Parties' agreed settlement. The settlement represents a fair compromise of a bona fide dispute concerning Plaintiffs' claims under the FLSA regarding Defendant's pay practices.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee ... affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *Villeda v. Landry's Rests., Inc.,* No. H–08–2287, 2009 WL 3233405, at *1 (S.D.Tex. Oct. 7, 2009) (citing *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor,* 679 F.2d 1350, 1353 (11th Cir.1982)). "If the settlement reflects 'a reasonable compromise over issues,' the court may approve it." *Villeda,* 2009 WL 3233405, at *1 (quoting *Lynn's,* 679 F.2d at 1354). When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provisions. *See Lynn's Food Stores*, 679 F.2d at 1355.

A. **BONE FIDE DISPUTE EXISTED**

Congress has recognized that due to the unequal bargaining power as between employer and employee, certain segments of the population required federal compulsory legislation to prevent

---

4   The Settlement Agreement was entered into between OI and named Plaintiff, Casey Ross, individually and on behalf of all Plaintiffs.

3

private contracts on their part that endangered national health and efficiency and, as a result, the free movement of goods in interstate commerce. *See Brooklyn Sav. Bank v. O'Neil,* 324 U.S. 697, 706–07, 65 S.Ct. 895, 89 L.Ed. 1296 (1945).[5]  Due to this unequal bargaining power, Courts must ensure that a settlement agreement, following a FLSA claim, must be the product of a bone fide dispute.

In the instant case, the Parties fiercely contested the claims and defenses asserted. Plaintiffs alleged that OI's employees performed largely manual labor in routine fashion, which included installing and servicing equipment used to monitor drilling operations. OI argued that some of the Plaintiffs performed work related tasks by exercising their own independent judgement and discretion, and made high level decisions that affected the overall success of business projects.

The Parties also disagree on the number of hours worked. The Parties did not keep records of hours worked and they disagree as to whether the hours worked by OI's employees now are indicative of the hours the Plaintiffs worked.

Further, the Plaintiffs argued that all Plaintiffs were similarly situated in the terms of relevant job duties and compensation practices, regardless of the length of time or location worked for OI. On the other hand, OI maintained that it would seek decertification of the FLSA classes because it believed that its employees are not similarly situated and the cases should be tried independent of each other.

The Parties further disagreed on whether the Plaintiffs could satisfy their burden to demonstrate that OI acted willfully, which would extend the limitations period from two (2) years to three (3) years.  *See* 29 U.S.C. § 255.  Plaintiffs also contend that OI would not be able to meet its

---

[5]  *Brooklyn Savings Bank*, 324 U.S. 697 (1945) (requiring Court or Department of Labor approval for FLSA settlements, and explaining the low standard for judicial review when the parties are represented by counsel); *see also Evans v. Jeff D.*, 475 U.S. 717. 726-27 (1986) (in deciding whether the proposed settlement reflects a "reasonable compromise" of a bona fide dispute, the Court may either accept or reject it, but should not require the parties to accept any revisions or modifications to the agreement).

burden to prove its affirmative defense of good faith to liquidated damages. *See* 29 U.S.C. § 260. OI maintained that, at all times, it acted in good faith and not willfully, such that damages (if any) should be limited to only a two (2) year period with no award of liquidated damages.

As a result of all of the filings, arguments, documentation, hearings, discovery, and motions in the instant suit, the current settlement before the Court is the result of a bone fide dispute.

### B.   FAIR AND REASONABLE SETTLEMENT

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.,* 2010 WL 1688793, at *1 (M.D.La.2010) (citing *Camp v. Progressive Corp.,* 2004 WL 2149079, at *5 (E.D.La.2004)). As well, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting similar claims for many years.[6] Plaintiffs' counsel has had considerable experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and are well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved

---

[6] Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Defendant is represented by experienced employment litigation attorneys at Liskow & Lewis.

in the litigation is entitled to significant weight.").

After they reached an agreement on the settlement amount, the Parties engaged in further negotiations concerning the specific terms of the written settlement document. Further, it is important to note that the named Plaintiff, Casey Ross, on behalf of his coworkers, deems this settlement fair and reasonable. Ross took an active role in this litigation, and attended and participated in negotiations during the mediation on February 26, 2019.

## II.     **CONCLUSION**

The Parties believe that the terms and conditions of this settlement are fair, reasonable, adequate, beneficial and in the best interests of all parties. As noted above, this proposed settlement was reached following the exchange of information, data, and extensive negotiations. Because of the various defenses asserted by OI and the possibility that OI may have successfully defeated or limited some or all of Plaintiffs' claims, including those claims related to willfulness, liquidated damages, and compensation for unpaid overtime, the Parties believe that the settlement represents a fair compromise of a bone fide dispute. Moreover, given the strong likelihood that absent a settlement, this case would have proceeded to trial, a compromise of the claims prevents all parties from incurring the additional costs and delay associated with trial and possibly appeal.

The Parties hereby request that the Court (1) approve this settlement, including all of the terms set forth in the settlement agreement and (2) dismiss this lawsuit and the claims of Plaintiff and all class members with prejudice.

WHEREFORE, the Parties respectfully request this Court to sign the accompanying order approving the settlement and dismissing this case with prejudice.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ David Moulton**
 Richard J. (Rex) Burch
 Texas Bar No. 24001807
 David I. Moulton
 Texas Bar No. 24051093
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com
dmoulton@brucknerburch.com

**Counsel for Plaintiffs**

*/s/ Kindall C. James*
Kindall C. James
State Bar No. 24086755
Federal Bar No. 2181655
LISKOW & LEWIS
1001 Fannin, Suite 1800
Houston, Texas 77002
(713) 651-2900
(713) 651-2908 (facsimile)
kjames@liskow.com

**Counsel for Defendant**

7

## CERTIFICATE OF SERVICE

On April 1, 2019, I served this document on all parties via the Court's ECF system.

**/s/ David I. Moulton**

David I. Moulton